# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES J. BINNS, P.C., *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | No. 06 C 3915 |
| | ) | |
| v. | ) | District Judge Gettleman |
| | ) | Magistrate Judge Schenkier |
| FLASTER GREENBERG, P.C., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Presently pending before the Court is one remaining dispute concerning the motion by James J. Binns, P.C. and James J. Binns, Esq. (collectively, "Binns") to enforce subpoenas served on the law firm of Walker Wilcox & Matousek LLP ("Walker Wilcox") and two of its attorneys, William Bila and James Huberty (doc. # 1). Before addressing the merits of the pending dispute, we recount the procedural history that has resolved all of the other issues originally presented in the motion.

### I.

From approximately in 1999 until December 16, 2003, Michael Smeraski was represented by two sets of lawyers in connection with actual and potential litigation: Binns, and Philip Kirchner and Peter Spirgel of the law firm of Flaster Greenberg. The fees for that representation were paid under a director and officer liability ("D&O") policy. The D&O carrier retained Bila and Huberty of the law firm of Lord Bissell & Brook ("LBB") to oversee the litigation and to review the bills submitted by Binns and Flaster Greenberg. On or about December 16, 2003, Binns was discharged as counsel for Smeraski, who continued to be represented by the lawyers at Flaster Greenberg. That led to litigation initiated by Binns in federal court in Pennsylvania, *James J. Binns, P.C. v. Flaster Greenberg*, Civil Action 05-CV-01930 (AB) (E.D. Pa.), and it is in connection with that litigation

that Binns served a subpoena on the law firm of Walker Wilcox (where attorneys Bila and Huberty now work since leaving LBB).

As clarified – and narrowed – during a proceeding in open court on August 23, 2006, Binns's subpoena seeks documents (a) involving Flaster Greenberg, the D&O carrier, and/or Bila and Huberty which Binns authored or received, and (b) involving Flaster Greenberg, the D&O carrier, and/or Bila and Huberty which Binns did not author or receive. Walker Wilcox acknowledged that it possesses files that would likely have those categories of documents, as Bila and Huberty brought the Smeraski files with them when they left LBB. During the August 23 proceeding, the Court ordered Walker Wilcox to review its files for documents responsive to those two foregoing categories, and by September 6, 2006, to produce those documents for which no claim of privilege was asserted and to provide a log for those documents withheld on the basis of a privilege claim.

On September 7, 2006, Walker Wilcox produced a small set of documents. Walker Wilcox also produced a log of responsive documents withheld from production. The log identifies 179 documents, which cover the period from May 5, 2000 through July 6, 2006. With a few exceptions, the logged documents consist of bills submitted by Flaster Greenberg to LBB for payment and transmittals of payment by LBB to Flaster Greenberg. Walker Wilcox claimed work product protection for each of the documents listed on the log; Walker Wilcox did not assert attorney-client privilege protection for any of the documents.

In a proceeding in open court on September 13, 2006, Walker Wilcox made plain that it was asserting work product protection not on its own behalf or for Flaster Greenberg, but on behalf of the client, Smeraski (which is permissible, since "the work product doctrine may be asserted by both

the client and the attorney." *Hobley v. Burge*, 433 F.3d 946, 949 (7th Cir. 1980)). The Court expressed skepticism as to the ability of Smeraski to assert the work product doctrine to prevent Binns from obtaining documents generated during the period prior to December 16, 2003, when Binns was engaged in representing Smeraski. For plaintiffs' part, Binns asserted that Smeraksi waived any work product protection by reason of documents he produced in the federal litigation in Pennsylvania; Walker Wilcox responded that Smeraski claims that he has not waived work product protection.

Accordingly, the Court invited both Binns and Smeraski to submit briefs by September 25, 2006 directed to those issues. Binns submitted a formal brief, addressing both the issues raised during the September 13 hearing and a variety of other issues. Through counsel, Smeraski submitted a letter dated September 25, 2006, in which he (a) withdrew any claim of work product for documents on the log dated earlier than December 16, 2003; and (b) argued that his production in the Pennsylvania litigation had not constituted a waiver.

Thus, there is no dispute that all documents on the privilege log that pre-date December 16, 2003, must be produced. While a number of issues have been raised as to the documents on the log dated after December 16, 2003, we address only two points that we consider dispositive.

## II.

The only issue properly raised by the privilege log submitted by Walker Wilcox is work product protection for the affected documents. No assertion of attorney-client privilege was made in the log, and the log itself is insufficient to show a proper basis for any assertion of attorney client privilege. In order to properly assert the attorney client privilege, Semarski was required to "address the applicability of the privilege with respect to each individual document," and to set forth

3

"'specific facts' to support his legal conclusions" that the privilege applies. *Holifield v. United States*, 909 F.2d 201, 204 (7th Cir. 1990). Neither the log provided by Walker Wilcox nor the subsequent letter from Semarski's counsel provide that kind of document-specific information. Rather, to the extent that the letter from Semarski's counsel seeks to claim attorney client privilege, it does so through the kind of blanket assertion that "will not suffice to support a claim that the attorney-client privilege prohibits the production of documents." *Id.*

### III.

The privilege log fares little better in the claim of work product protection. While the log does explicitly assert the work product doctrine (which it fails to do with attorney client privilege), the log contains the same assertion, verbatim, for each of the 179 documents listed on the log: "Attorney work product; insured has not waived the protection with respect to this document." The purpose of a log is to provide the opposing party and the Court with information sufficient to assess the claim of work product. *In re Stern Walters Partners, Inc.*, 94 C 5705, 1996 WL 115290, * 5 (N.D. Ill. Mar. 13, 1996). Accordingly, it was Semarski's burden to establish the applicability of the work product doctrine to the post-December 16, 2006 documents. *Id.* At * 4; *see also Binks Mfr. Co. v. National Presto Indus., Inc.*, 709 F.2d 1109, 1118 (7th Cir. 1983). The rote assertions of work product made by Walker Wilcox fail to satisfy that burden.

But we need not rest our ruling on this ground alone. The work product doctrine "limits its protection to one who is a party (or a party's representative) to the litigation in which discovery is sought." *Evans v. City of Chicago*, 231 F.R.D. 302, 310-11 (N.D. Ill. 2005); *see also In re Southern California Edison Co. v. Westinghouse Electric Corp.*, 892 F.2d 778, 780 (9th Cir. 1989) (same). Here, it is Smeraksi who is asserting work product protection, and he is not a party to the pending

4

federal litigation in Pennsylvania. Thus, under the foregoing authority, he may not assert work product protection as a bar to production of the documents in issue.

## CONCLUSION

For the foregoing reason, Binns's motion to enforce subpoenas (doc. # 1) is GRANTED, limited to the documents listed on the log submitted by Walker Wilcox. Those documents are to be produced by Walker Wilcox by October 27, 2006. The matter is set for a status conference on November 1, 2006 at 9:00 a.m. for the purpose of determining compliance with this ruling.

**ENTER:**

*[signature]*

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**DATED: October 13, 2006**